NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEWART MCCLURE, JOHN FEENEY, JOSEPH MICALI, and JAMES LYNCH, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 05-4011 (SRC) |
| BANK OF AMERICA CORPORATION, | : : : | **O P I N I O N** |
| Defendants. | : : | |

**CHESLER,** District Judge

This matter comes before the Court on Plaintiffs', Stewart McClure, John Feeney, Joseph Micali, and James Lynch ("Plaintiffs"), Cross-Motion for Summary Judgment (docket item # 7) on their claim for attorneys' fees[1]. Having considered the parties' written and oral arguments, and for the reasons set forth below, the Court **GRANTS** Plaintiffs' Cross-Motion for Summary Judgment as to their claim for attorney's fees.

**I. FACTUAL BACKGROUND**

This action arises from the calculation of Plaintiffs' benefits under their Termination

---

[1] Plaintiffs' cross-motion sought summary judgment on Plaintiffs' ERISA claims as well as summary judgment on their claim for attorneys' fees. This Court heard oral argument on January 17, 2006 and, for the reasons set forth at oral argument, denied Plaintiff's cross-motion for summary judgment as to the ERISA claims. This opinion deals only with the attorneys' fees portion of Plaintiffs motion.

Agreement with Summit Bancorp ("Summit"). Plaintiffs are four former executives of Summit who were terminated by FleetBoston Financial Corporation ("Fleet") following Fleet's 2001 merger with Summit. (Feeney Aff. ¶ 2). Each Plaintiff is a party to a Termination Agreement with Summit which provides for enhanced retirement benefits for executives terminated following a change in corporate control, such as Summit's merger with Fleet[2]. (Id.). The Termination Agreement also provided for the payment of attorneys' fees incurred by an executive in litigating a dispute under the Agreement.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986); Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

---

[2] The parties submit differing interpretations of the language of the Termination Agreement at issue. The facts, as they relate to the interpretation of the Termination Agreement, are familiar to the parties and fully discussed during this Courts oral argument held on January 17, 2006. Only those facts pertinent to the instant motion for Summary Judgment on the issue of attorneys' fees will be discussed in this Opinion..

The Supreme Court has stated that in evaluating a defendant's motion for summary judgment:

> [t]he judge must ask . . . not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of evidence that the plaintiff is entitled to a verdict . . . .

Anderson, 477 U.S. at 252. A fact is "material" only if it will affect the outcome of a lawsuit under the applicable law, and a dispute over a material fact is "genuine" if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. See id.

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita, 475 U.S. at 586; see also Anderson, 477 U.S. at 247-48. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), cert. denied, 507 U.S. 912 (1993).

### B. Plaintiff's Cross-Motion for Summary Judgment

Plaintiffs assert that, pursuant to § 6 of the Termination Agreement, they are entitled to an award of legal fees. Section 6 of the Termination Agreement provides, in pertinent part:

> The Company or a Subsidiary shall pay promptly as incurred the Executive's reasonable attorneys' fees and expenses incurred in good faith by the Executive as a result of any dispute (regardless of the outcome thereof) with the Company or a Subsidiary or any other party regarding the validity or enforceability of, or liability under, any provision of this Agreement or the act of any party thereunder or any guarantee of performance thereof and pay prejudgment interest on any delayed payment to the Executive . . . provided however, that the Executive shall not have been found by the court to have acted in bad faith. Any finding of bad faith must be final with the time to appeal therefrom having expired and no appeal having been perfected.

In opposition, Defendants argue that New Jersey public policy prohibits the enforcement of the attorneys' fees provision unless Plaintiffs prevail on their claims. (Def. Br. 12).

Generally, New Jersey has a strong policy disfavoring the shifting of attorneys' fees. See No. Bergen Rex Transp., Inc. v. Trailer Leasing Co., 158 N.J. 561, 569 (1999); Kellam Assocs., Inc. v. Angel Projects, LLC, 357 N.J. Super 132 (App. Div. 2003). Nevertheless, New Jersey law permits parties to a contract to shift liability for attorneys' fees. See Cohen v. Fair Lawn Dairies, Inc., 86 N.J. Super. 206, 214-16 (App. Div. 1965). Such provisions, however, will be strictly construed. North Bergen, 158 N.J. at 570. In North Bergen, the New Jersey Supreme Court found the threshold inquiry to be whether the party seeking fee shifting was the prevailing party. The court then recited a two-pronged test to determine when a party seeking fee shifting has been a prevailing party: (1) the party must demonstrate that its lawsuit was causally related to securing the relief obtained; and (2) the party must demonstrate that the relief obtained had some basis in law. Id.

Neither party has pointed this Court to any New Jersey cases where a provision favoring the economically weaker party, such as the one at issue here, has been held to violate New Jersey public policy. Both parties cite Kellam Assocs., Inc. v. Angel Projects, LLC, 357 N.J. Super. 132

(App. Div. 2003), for different propositions.  Plaintiff cites Kellam, for the proposition that New Jersey law permits parties to contractually agree to pay attorneys' fees.  Defendant argues that Kellam further supports their argument that a party seeking recovery of attorneys' fees must first prevail on the merits.  Kellam involved an action by a landlord against tenant for failure to pay increased rent.  After successfully litigating his claim, the landlord moved for attorneys' fees pursuant to a term in the lease.  The Appellate Division found the landlord to be a prevailing party and thus, entitled to an award of attorneys' fees.  Id. at 142.

Kellam, however, is not instructive to the case before this Court.  The provision at issue in Kellam provided that, "[t]he Landlord shall be entitled to recover reasonable attorneys' fees and costs actually incurred in connection with any effort to collect past-due rent or enforce any other term of this Lease breached by Tenant."  Id. at 137.  The provision in Kellam presupposes that the landlord will have prevailed; that is, the landlord could only recover fees if he succeed on the merits by showing that the rent was, in fact, past due.  Similarly, the landlord was only entitled to attorneys' fees in enforcing provisions of the lease *breached* by the tenant.  This provision is unlike the provision at issue here which provides for attorneys' fees "regardless of the outcome."

Defendants rely on Curby v. Solutia, Inc., 351 F.3d 868 (8th Cir. 2003).  Curby involved claims for both ERISA benefits and attorneys' fees and there, like here, the relevant agreement provided for reimbursement of reasonable attorneys' fees "regardless of the outcome."  The court rejected plaintiff's claim for benefits, and denied her claim for attorneys' fees.  The court interpreted the phrase "reasonable attorneys' fees" to require both the time spent on the litigation and the plaintiff's litigation position to be reasonable.  In Curby, the plaintiff brought a frivolous

lawsuit.  Plaintiff sued under a termination agreement which required a change of corporate control to trigger severance benefits.  The court rejected her claims noting that, "[i]t [was] undisputed no change of control occurred," and therefore the claimed attorneys' fees were not "reasonably" incurred.  Id. at 872-73.   The contract at issue here likewise would bar a recovery of attorneys' fees by Plaintiff if Plaintiffs' litigation position was "frivolous."  The contract requires that the claim be brought in "good faith," and obviously a frivolous claim is not one brought in good faith.

The facts of Curby, therefore, are not applicable to the instant case.  Here, Plaintiffs are clearly entitled to benefits under the relevant Termination Agreement.  The only issue in dispute in this case is as to the amount of benefits to which they are entitled.  Plaintiffs' claims are not the type of frivolous or "unreasonable" litigation that would render a contractual attorneys' fees provision, such as the one here, inapplicable.  Defendant's argument that this Court should measure "reasonableness" by the degree of success achieved in the litigation would render the phrase "regardless of the outcome" meaningless.

Defendants also heavily rely on North Bergen.  North Bergen, however, involved an attorneys' fees provision contained in a commercial lease which entitled the lessor to fees incurred in "enforcing the covenants of [the] Lease."  North Bergen, 158 N.J. at 566.  The provision in North Bergen does not embody what is at stake here.  The plain language of the agreement here essentially holds that, absent bad faith, the executive is entitled to reasonable attorneys fees "regardless of the outcome."  Nowhere does the provision call for a requirement that Plaintiffs need to be the prevailing party in order to collect attorneys' fees.

Even given New Jersey's strong public policy, it does not call upon this Court to negate

-6-

the arms length agreement reached here.  This is especially true in light of the fact that the provision at issue was placed into the contract by the economically stronger party for the benefit of the economically weaker party to serve a particular purpose.  This provision stood to create a scenario in which an individual was empowered to challenge actions of the economically stronger party on equal footing[3].

Giving this provision the strict scrutiny required by New Jersey law, this Court finds the attorneys' fees provision here reasonable and enforceable.  The parties contract, which specifies attorneys' fees to be paid regardless of the outcome, obviates the need for this Court to first determine whether Plaintiffs have prevailed.  According to the parties' own agreement, Plaintiffs are therefore entitled to the payment of reasonable attorneys' fees.

## **CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Plaintiffs' motion for summary judgment on the issue of attorneys' fees.  An appropriate form of order will be filed herewith.

　　　　　　　　　　　　　　　　　　　　　　　s/ Stanley R. Chesler
　　　　　　　　　　　　　　　　　　　　　　　STANLEY R. CHESLER
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3]The genesis of New Jersey's public policy against fee-shifting provisions has largely grown out of a rejection of provisions in the form of boilerplate contracts used by businesses against consumers, individuals, or other weaker parties.  See Cohen v. Fair Lawn Dairies, Inc., 86 N.J. Super. at 213 (noting the hostility to such provisions is "[g]enerally out of concern for the unequal bargaining position of the parties and the possibilities of overreaching . . . ."); see also Dare v. Freefall Adventures, Inc., 349 N.J. Super. 205 (App. Div. 2002).